IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RENITA MARTIN, o/b/o T.S.A.G., | ) CASE NO. 3:13 CV 1166 |
| Plaintiff, | ) JUDGE JAMES G. CARR |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |

## Introduction

This is an action by Renita Martin, o/b/o T.S.A.G., under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for child's supplemental security income.[1]

---

[1] ECF # 1.

The Commissioner has answered[2] and filed the transcript of the administrative record.[3] Under my initial[4] and procedural[5] orders, the parties have briefed their positions[6] and filed supplemental charts[7] and the fact sheet.[8]

For the reasons set forth below, I will recommend that the decision of the Commissioner be affirmed as supported by substantial evidence.

## Statement of the Case and Issues Presented

**A.  The decision of the Administrative Law Judge ("ALJ")**

The ALJ, whose decision became the final decision of the Commissioner, found that T.S.A.G. had the severe impairment of disruptive behavior disorder.[9] Relevant to this case, the ALJ decided that this did not functionally equal the listings in Appendix 1 of the

---

[2] ECF # 10.

[3] ECF # 11.

[4] ECF # 6.

[5] ECF # 12.

[6] ECF # 16 (Commissioner's brief); ECF # 15 (Martin's brief).

[7] ECF # 16-1 (Commissioner's charts); ECF # 13 at 3-6 (Martin's charts).

[8] ECF # 13 at 1-2 (Martin's fact sheet).

[9] Transcript ("Tr.") at 12.

regulations.[10] The ALJ, therefore, found T.S.A.G. not under a disability.[11] The ALJ issued his decision on January 19, 2012.[12]

Martin then sought review from the Appeals Council, which was denied.[13] With her request for review, she submitted additional records not before the ALJ, specifically T.S.A.G.'s school records from January 3, 2012 through May 31, 2012.[14] With the Appeals Council's denial, the ALJ's decision became the final decision of the Commissioner.[15]

**C.     Issues on judicial review**

As more fully explained below, Martin's challenge here is not directed to the ALJ's findings as to functional equivalency based on the record before the ALJ at the time. Rather, she relies upon records she has now submitted for the first time with her brief to this Court – for the most part school records from 2012 and 2013.[16]

Martin proceeds here without the assistance of counsel, as she also did administratively. Her brief, submitted by way of handwritten notations on the fact sheet and

---

[10] *Id.*

[11] *Id.* at 20.

[12] *Id.* at 21.

[13] *Id.* at 1-4.

[14] *Id.* at 4, 188-263.

[15] *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 648 (6th Cir. 2011); 20 C.F.R. § 416.1481.

[16] ECF # 15, at 4-123.

evidence charts furnished with the Court's procedural order,[17] appears to argue that T.S.A.G. has ADHD,[18] an impairment not manifested in the records before the ALJ. She is, therefore, in effect asking for a remand to consider whether this ADHD is severe and, if so, whether that impairment functionally equals a listing for the time period from March 2, 2009, the alleged onset date, to the date of the ALJ's decision.

## Analysis

**A.     Standards of review**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different

---

[17] ECF # 12.

[18] ECF # 13, at 2.

-4-

conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard. The relevant evidence from the administrative record will be discussed in detail as part of the following analysis.

## 2. *Functional equivalency for purposes of children's supplemental security income claims*

Functional equivalency to a listing for purposes of a child's claim for supplemental security income is governed by 20 C.F.R. § 416.926a. Under the regulation, for a child between 6 and 12 years of age, the inquiry is whether the impairment imposes an extreme or marked limitation in connection with six domains – acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for oneself, and health and physical well-being.[22] If a claimant

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[22] 20 C.F.R. § 416.926a(b)(1).

has an extreme limitation in one of these domains or a marked limitation in two domains, he or she is considered functionally equivalent to a listing and, therefore, disabled.[23]

### *3.  Remand for consideration of new and material evidence*

Judicial review of the Commissioner's decision is "confined to ... the record made in the administrative hearing process."[24] Evidence not a part of that record can only be considered under a "sentence six" remand.[25]

Sentence six of 42 U.S.C. § 405(g) permits a court to order a case remanded for consideration of additional evidence under certain circumstances. The Sixth Circuit has interpreted this statute as creating three requirements for a remand to consider such additional evidence: (1) that the evidence be "new," (2) "material," and (3) good cause for why it was not previously produced.[26]

Evidence is "new" if it was not in existence at the time of the hearing or was unavailable at that time.[27] Evidence is "material" if it creates a reasonable probability that the

---

[23] 20 C.F.R. § 416.926a(d).

[24] *Love v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 893, 900 (W.D. Mich. 2009) (citation omitted).

[25] *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993).

[26] 42 U.S.C. § 405(g), sentence six; *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010).

[27] *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990).

ALJ's decision would be different.[28] "Good cause" is established by demonstrating a "reasonable justification" for not acquiring and presenting the evidence at the hearing.[29]

**B.     Application of standards**

*1.     Consideration of the ALJ's decision on the original record*

From Martin's handwritten submission in support of the complaint,[30] it does not appear that she challenges the ALJ's decision of January 19, 2012, based on the evidence in the record before the ALJ at the time of that decision. Nevertheless, because Martin is proceeding without the assistance of counsel, I have reviewed that decision to insure that it has the support of substantial evidence.

The ALJ found no functional equivalency to the listings.[31] For four of the domains – acquiring and using information,[32] moving about and manipulating objects,[33] caring for yourself,[34] and health and physical well-being[35] – she found no limitations. For the domains

---

[28] *Ferguson*, 628 F.3d at 276.

[29] *Id.*

[30] ECF # 13.

[31] Tr. at 12.

[32] *Id.* at 16.

[33] *Id.* at 19.

[34] *Id.* at 20.

[35] *Id.*

of attending and completing tasks[36] and interacting and relating to others,[37] she found less than marked limitations.

Martin testified that T.S.A.G. was disabled because of disruptive behavior.[38] The ALJ determined that T.S.A.G. had the severe impairment of disruptive behavior disorder.[39] In doing so she accepted the diagnosis of the consulting examining psychologist.[40] This implicates the interacting and relating to others domain, for which the ALJ found less than marked limitations. Because of no finding of a marked limitation in any domain, the evidence would have to support an extreme limitation in the interacting and relating to others domain to justify a disability finding.

Here the ALJ's finding of a less than marked limitation has the support of substantial evidence. Two state agency reviewing psychologists opined a less than marked limitation in the interacting and relating to others domain.[41] School records for the previous academic year reported improvement in obeying school rules, listening effectively, accepting feedback, and

---

[36] *Id.* at 17.

[37] *Id.* at 18.

[38] *Id.* at 31, 38-39.

[39] *Id.* at 12.

[40] *Id.* at 275.

[41] *Id.* at 266, 278.

maintaining self-control.[42] Despite Martin's testimony about problems[43] and some comments by the consulting examining psychologist regarding deficient social and emotional patterns,[44] a reasonable person could accept that the evidence before the ALJ was adequate to support the finding of a less than marked limitation in the interacting and relating to others domain.

*2. The implicit request for a sentence six remand*

Although Martin has not directly requested a sentence six remand, as *pro se* she is unlikely to know the precise procedure applicable to her arguments. Her submission of evidence not before the ALJ to the Appeals Council and this Court clearly implies that she seeks a remand to consider this evidence.

The evidence submitted for the first time to the Appeals Council consists primarily of an Individualized Education Program for the period from May 31, 2012 to May 30, 2013[45] and documentation related to the development of that IEP.[46] An evaluation done for purposes of developing the IEP includes test scores that reflect a mental ability to function at grade level.[47] The evaluator notes that "[h]er weakest area related to areas sensitive to concentration

---

[42] *Id.* at 149.

[43] *Id.* at 38-39.

[44] *Id.* at 272, 276.

[45] *Id.* at 190-211.

[46] *Id.* at 212-62.

[47] *Id.* at 214.

skills."[48] There is a hand written notation about ADHD meds[49] and a reference to "a history of behavior factors including disorderly conduct...."[50]

All of the documents were generated after the ALJ's decision and, therefore, are technically new. They are not material, however. To be material the documents must contain evidence that creates a reasonable probability that the ALJ would have decided differently. The evidence in these records do not bear on the time period covered by the ALJ's decision and generally support the findings that T.S.A.G. had limitations in several domains that were less than marked. There is nothing in these records that would cause the ALJ to decide that the child had marked or extreme limitations.

The documents submitted for the first time to this Court consist primarily of the IEP for the period from May 24, 2013 to May 23, 1014 and forms and evaluations done in connection with that IEP.[51] It appears that she had some success in achieving objectives set out in the previous year's IEP.[52] Her testing again resulted in the observation that "she has the mental ability to function at grade level."[53]

---

[48] *Id.*

[49] *Id.* at 216. The documents contain no medical evidence supporting the ADHD diagnosis or confirming the prescription of medication.

[50] *Id.*

[51] ECF # 15 at 8-122.

[52] *Id.* at 19-27.

[53] *Id.* at 28.

Additionally, these documents contain a short letter from her pediatrician, dated August 6, 2013, confirming a diagnosis of ADHD as of February, 2012, and her current medication.[54] No treatment notes are provided. There is also a letter from a social worker at Renewed Mind, a mental health counseling service, indicating therapy through that service, dated June 6, 2013.[55] Finally there is an undated letter signed by two teachers, Mrs. Choma and Mrs. Howard.[56] This letter describes the decision to permit T.S.A.G. to "skip" 5th grade.[57] This letter relates that the child does "fine" when she takes her medication but poorly when off her medication.[58]

These documents all relate to a time period over a year after the period adjudicated by the ALJ. Further, the documents contain some evidence that T.S.A.G.'s problems were well controlled at the time by medication. Although new, they are not material because they do not create a reasonable probability that the ALJ would reach a different decision for the adjudicated period.

Where documents generated after the ALJ's decision relate to a worsening of the claimant's impairment and limitations after the decision date, the claimant should ordinarily

---

[54] *Id.* at 6.

[55] *Id.* at 4.

[56] *Id.* at 5.

[57] *Id.*

[58] *Id.*

-11-

file a new claim rather than seek a remand to reconsider the old one.[59] Such is the situation here.

## Conclusion

Substantial evidence supports the finding of the Commissioner that T.S.A.G. had no disability. Accordingly, I recommend that the decision of the Commissioner denying T.S.A.G. child's supplemental security income be affirmed.

Dated: April 9, 2014          s/ William H. Baughman, Jr.
                              United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[60]

---

[59] *Deloge v. Comm'r of Soc. Sec.*, 540 F. App'x 517, 519 (6th Cir. 2013).

[60] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).